**Jose J. MATA, Appellant,**

v.

**JIM BASS FORD, INC., a Texas Corporation, Appellee.**

No. 12469.

Court of Civil Appeals of Texas, Austin.

Nov. 17, 1976.

Rehearing Denied Dec. 15, 1976.

Marvin C. Hanz, San Angelo, for appellant.

George S. Finley, Smith, Davis, Rose, Finley & Hofmann, San Angelo, for appellee.

PHILLIPS, Chief Justice.

The question before this Court is whether appellant, who was injured while working for a subcontractor installing a concrete floor at appellee's place of business, is precluded from any recovery against appellee under the doctrine of *Delhi-Taylor Oil Corp. v. Henry*, 416 S.W.2d 390 (Tex.1967). The trial court withdrew the case from the jury and entered judgment for appellee. We affirm the judgment.

Appellee, a Ford dealer in San Angelo, hired a general contractor to construct office space on the second story of his automobile agency building. The second story was divided from the first by a suspended ceiling which consisted of spaced, suspended aluminum strips on which acoustical celotex board had been placed. In order to construct an upstairs office, it was necessary to remove part of this suspended ceiling and to work adjacent to or in conjunction with

the rest of the ceiling. Both the general contractor and the subcontractor knew that the suspended ceiling for a building of this type was not strong enough to bear the weight of a person. Therefore, to prevent anyone from stepping on the suspended ceiling, the general contractor put up a guardrail consisting of a 2 × 4 board alongside the plywood flooring that had been installed to facilitate the construction.

Appellant, who was employed by the subcontractor to pour concrete for the upstairs floor, stepped upon the suspended ceiling held in place by the aluminum runners, fell through the ceiling and was injured.

In our judgment *Delhi-Taylor* states the law applicable here and precludes any recovery by appellant. In that case the Supreme Court held that: "While an owner owes a duty to employees of an independent contractor to take reasonable precautions to protect them from hidden dangers on the premises or to warn them thereof, an adequate warning to *or full knowledge by* the independent contractor of the dangers should and will be held to discharge the landowner's alternative duty to warn the employees." (Emphasis added)

The duty of the landowner to the employees of a subcontractor is discharged in like manner by giving adequate warning to the subcontractor, or is fully discharged if the subcontractor has full knowledge of the danger involved.

Appellant complains here as error the trial court's granting appellee an instructed verdict on the premise that it was released from all further liability by informing its contractor of dangerous conditions; and, further, because of the implied holding of the court, there was no genuine issue of fact as to one or more of the essential elements of appellant's cause of action.

As we understand appellant's position in his first point of error, he contends that although both contractors knew of and appreciated the existing danger surrounding the job site, it was error to hold that the appellee was under no duty to disclose the dangerous situation to appellant. Appellant further contends: " . . . that a

fact issue regarding the appreciation of the dangerous condition at the time of the entering of the contractual relationship existed, that such an element of appreciation of that dangerous condition should, as a matter of law, be a proper jury question."

Appellant also contends that there was conflicting testimony as to whether or not the 2 × 4 guardrail constructed as a precautionary measure actually existed in the ceiling at the time of the accident.

All of appellant's contentions are answered by the fact that the evidence indicates that both the general contractor and subcontractor knew of the existing danger around the job site. Whether appellant knew and appreciated the existing danger is immaterial. Also immaterial is the issue of whether the protective guardrail was present at the time of the accident. Appellee's duty to warn appellant was discharged once the general contractor and subcontractor had full knowledge of the danger involved. Appellant did not show in the presentation of the evidence the breach by appellee of any duty owed him. The trial court was therefore correct in granting the instructed verdict.

Affirmed.